UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS AT KANSAS CITY

| | |
|---|---|
| In re: | ) |
| | ) |
| JOHN Q. HAMMONS FALL 2006, LLC, *et al.*,[1] | ) Case No. 16-21142 |
| | ) |
|     Debtors. | ) |
| | ) |

**DEBTORS' MOTION FOR AUTHORIZATION TO (A) PREPARE A CONSOLIDATED
LIST OF CREDITORS IN LIEU OF SUBMITTING INDIVIDUAL MAILING
MATRICES, (B) FILE A CONSOLIDATED LIST OF DEBTORS' 40 LARGEST
UNSECURED CREDITORS AND (C) MAIL INITIAL NOTICES**

COME NOW the above-captioned debtors (collectively, the "Debtors") and hereby request that the Court enter an order granting this motion (the "Motion") for entry of an order pursuant to 11 U.S.C. §§ 342(a) and 521, and Fed. R. Bankr. P. 1007 and 2002 authorizing Debtors to: (a) prepare a consolidated list of creditors in lieu of submitting individual mailing matrices; (b) file a consolidated list of their 40 largest unsecured creditors; and (c) mail initial

---

[1] The Debtors in this case are: ACLOST, LLC, Bricktown Residence Catering Co., Inc., Chateau Catering Co., Inc., Chateau Lake, LLC, Civic Center Redevelopment Corp., Concord Golf Catering Co., Inc., Concord Hotel Catering Co., Inc., East Peoria Catering Co., Inc., Fort Smith Catering Co., Inc., Franklin/Crescent Catering Co., Inc., Glendale Coyotes Catering Co., Inc., Glendale Coyotes Hotel Catering Co., Inc., Hammons, Inc., Hammons of Colorado, LLC, Hammons of Franklin, LLC, Hammons of Huntsville, LLC, Hammons of Lincoln, LLC, Hammons of New Mexico, LLC, Hammons of Oklahoma City, LLC, Hammons of Richardson, LLC, Hammons of Rogers, Inc., Hammons of Sioux Falls, LLC, Hammons of South Carolina, LLC, Hammons of Tulsa, LLC, Hampton Catering Co., Inc., Hot Springs Catering Co., Inc., Huntsville Catering, LLC, International Catering Co., Inc., John Q. Hammons 2015 Loan Holdings, LLC, John Q. Hammons Fall 2006, LLC, John Q. Hammons Hotels Development, LLC, John Q. Hammons Hotels Management I Corporation, John Q. Hammons Hotels Management II, LP, John Q. Hammons Hotels Management, LLC, Joplin Residence Catering Co., Inc., JQH – Allen Development, LLC, JQH – Concord Development, LLC, JQH – East Peoria Development, LLC, JQH - Ft. Smith Development, LLC, JQH – Glendale AZ Development, LLC, JQH - Kansas City Development, LLC, JQH - La Vista Conference Center Development, LLC, JQH - La Vista CY Development, LLC, JQH - La Vista III Development, LLC, JQH - Lake of the Ozarks Development, LLC , JQH – Murfreesboro Development, LLC, JQH – Normal Development, LLC, JQH – Norman Development, LLC, JQH – Oklahoma City Bricktown Development, LLC, JQH – Olathe Development, LLC, JQH – Pleasant Grove Development, LLC, JQH – Rogers Convention Center Development, LLC, JQH – San Marcos Development, LLC, Junction City Catering Co., Inc., KC Residence Catering Co., Inc., La Vista CY Catering Co., Inc., La Vista ES Catering Co., Inc., Lincoln P Street Catering Co., Inc., Loveland Catering Co., Inc., Manzano Catering Co., Inc., Murfreesboro Catering Co., Inc., Normal Catering Co., Inc., OKC Courtyard Catering Co., Inc., R-2 Operating Co., Inc., Revocable Trust of John Q. Hammons Dated December 28, 1989 as Amended and Restated, Richardson Hammons, LP, Rogers ES Catering Co., Inc., SGF – Courtyard Catering Co., Inc., Sioux Falls Convention/Arena Catering Co., Inc., St Charles Catering Co., Inc., Tulsa/169 Catering Co., Inc., and U.P. Catering Co., Inc.

notices through their proposed notice and claims agent. In support of this Motion, Debtors respectfully represent as follows:

## INTRODUCTION

1. On June 26, 2016 (the "Commencement Date") the Debtors commenced chapter 11 bankruptcy cases by filing their bankruptcy petitions.

2. Since the Commencement Date, the Debtors have continued in possession of their property and control of their operations pursuant to §§ 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code").

3. The Court has jurisdiction of this motion pursuant to 28 U.S.C. § 1334(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(A) in that it concerns the administration of the estate.

## BACKGROUND

4. The Debtors in these chapter 11 cases consist of the Revocable Trust of John Q. Hammons, Dated December 28, 1989 as Amended and Restated (the "Trust"), and 71 of its directly or indirectly wholly owned subsidiaries and affiliates. The Debtors collectively operate as an enterprise known as John Q. Hammons Hotels & Resorts ("JQH").

5. The Trust's wholly owned subsidiary and the manager of all of JQH's hotels, John Q. Hammons Hotels Management, LLC, employs more than 4,000 people throughout the United States. Moreover, the Trust and certain of its affiliates own nearly three dozen hotels, as well as numerous and varied other assets, such as: (a) approximately 35 parcels of undeveloped real estate in 12 states (Kansas, Arkansas, Colorado, Iowa, Missouri, Nevada, New Mexico, North Carolina, Oklahoma, Texas, Utah and Wisconsin); and (b) the Joplin Convention & Trade Center in Joplin, Missouri. The Trust is also one of the largest owners of real estate in Springfield, Missouri where its buildings include: (i) the Enterprise Building, (ii) a Mini Storage

2
Case 16-21142    Doc# 6    Filed 06/26/16    Page 2 of 9

facility, (iii) the JQH Office Building, (iv) Hammons Field (the home of the Springfield Cardinals, the Double-A Texas League affiliate of the St. Louis Cardinals), (v) Kinser House, (vi) the John Q. Hammons Missouri Sports Hall of Fame, (vii) the Jordan Valley Car Park (a parking garage with 970 spaces), and (viii) a residence in Southern Hills.

6. In the 1950s, John Q. Hammons recognized a growing need for quality hotels throughout the country. As a successful real estate investor and developer, Mr. Hammons had the experience and knowledge required to achieve his ambitions. In 1958, he partnered with Roy Winegardner, and the two purchased ten Holiday Inn Hotel franchises. These properties were immediately successful and served as an early indicator of Mr. Hammons' future success in the industry.

7. The partners went on to found Winegardner and Hammons, Inc. and developed a total of 67 Holiday Inn Hotels. In 1969, Mr. Hammons formed an additional company, John Q. Hammons Hotels, Inc., and relied on his own strategies and acumen for site selection. The company's portfolio quickly grew to include Embassy Suites, Marriott, Sheraton and Radisson Hotels as well as several independently branded hotels and resorts.

8. In 1994, Mr. Hammons took his company public and launched a new era of hotel development. Today, the company is once again privately owned, currently operating 35 hotels in 16 states.

9. Mr. Hammons died on May 26, 2013 at the age of 94. Over the course of his impressive 52-year career in the lodging industry, Mr. Hammons developed 210 hotel properties in 40 states and was honored with numerous lifetime achievement awards, including "Hotelier of the World."

10. Today, the group of affiliated companies operate hotels independently as well as

under the flags of Embassy Suite by Hilton, IHG (Holiday Inn Express), Marriott (Courtyard by Marriott, Marriott, and Residence Inn), and Starwood. The hotels are located in Alabama, Arizona, Arkansas, Colorado, Illinois, Kansas, Missouri, Nebraska, New Mexico, North Carolina, Oklahoma, South Carolina, South Dakota, Tennessee, Texas, and Virginia. Several of the properties serve as convention centers. The affiliated companies comprise an integrated family of hotel companies that, in the aggregate, is one of the largest private independent owner and hotel management companies in the United States, with a portfolio that is comprised of more than approximately 8,400 guest rooms and more than 1 million square feet of banquet space. The Trust also directly or indirectly owns and operates interests in more than 15 other entities that are not Debtors in these chapter 11 cases that own and operate, among other things, vacant land, office buildings, the Federal Courthouse in Springfield, Missouri, golf courses, real estate leased to restaurants, a minority interest in a casino, and the rights to the film: "The Great American West."

11. Among many duties, members of the John Q. Hammons & Resorts team oversee food and beverage services, identify sales opportunities and manage the operations of each hotel to ensure quality lodging experiences, rewarding employee tenure and the fiscal health of each hotel.

**RELIEF REQUESTED**

12. Debtors seek entry of an order authorizing them to: (a) prepare a consolidated list of creditors in lieu of submitting individual mailing matrices; (b) file a consolidated list of their 40 largest unsecured creditors; and (c) mail initial notices through their proposed notice and claims agent.

**BASIS FOR RELIEF**

13. Section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), and LBR

1007.1 require a debtor to file a list containing the name and address of each of its creditors. In addition, Bankruptcy Rule 1007(d) requires a debtor to file a list containing the name, address, and claim of the creditors holding the 20 largest unsecured claims against the debtor. Further, Bankruptcy Rule 2002(a)(1) provides that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustee at least 21 days' notice by mail of: (1) the meeting of creditors under § 341 or § 1141 of the Code . . ." Bankruptcy Rule 2002(f)(1) also provides that notice of "the order for relief" shall be mailed to all creditors.

14. Debtors request authority to prepare a consolidated list of creditors in lieu of submitting individual mailing matrices. In preparation for filing their chapter 11 cases, Debtors created a consolidated list of their creditors in electronic format and will make that list available in electronic form to any party in interest that so requests (or in non-electronic form at such requesting party's sole cost and expense). Permitting Debtors to maintain a consolidated list of their creditors in electronic format only, in lieu of filing individual creditor matrices, is warranted under the circumstances of these cases. There are 77 affiliated Debtors in these cases and Debtors estimate that they hold an aggregate of approximately $1 billion in liabilities and have an aggregate of 4,500 potential creditors or other parties in interest. Converting Debtors' computerized information to a format compatible with the typical chapter 11 matrix requirements would be a burdensome task and greatly increase the risk and recurrence of error with respect to information already intact on Debtors' computer systems.

15. Debtors also request authority to file a single, consolidated list of their 40 largest general unsecured creditors. Debtors share many of the same creditors and with some exceptions operate as a single business enterprise. The exercise of compiling separate top 20 unsecured creditor lists for each Debtor would consume an excessive amount of their time and resources

that would be better used in their efforts to reorganize. Further, Debtors believe that a consolidated list of their 40 largest unsecured creditors will aid the United States Trustee in its efforts to communicate with those creditors. As such, Debtors believe that filing a single consolidated list of their 40 largest unsecured creditors is appropriate.

16. Contemporaneously with filing this Motion, Debtors seek to retain BMC Group, Inc. as their notice and claims agent in these cases (the "Notice & Claims Agent"). If Debtors' application is granted, the Notice & Claims Agent, among other things, will assist with the consolidation of Debtors' computer records into a creditor database and complete the mailing of notices to the parties in that database. Debtors propose that the Notice & Claims Agent undertake all mailings directed by this Court, the United States Trustee, or as required by the Bankruptcy Code, including the notice of commencement of these cases. Debtors' use of the Notice & Claims Agent for this purpose will maximize efficiency in administering these cases and will ease administrative burdens that otherwise fall upon this Court and the United States Trustee.

17. Debtors believe that the relief that they seek herein is in the best interests of their estates, creditors and other parties in interest. Furthermore, bankruptcy courts in large and multi-debtor cases have approved relief similar to the relief that Debtors seek herein. *See, e.g.*, *In re Northshore Mainland Servs., Inc.* No. 15-11402 (KJC) (Bankr. D. Del. July 1, 2015); *In re Quicksilver Res. Inc.*, No. 15-10585 (LSS) (Bankr. D. Del. Mar. 19, 2015); *In re MACH Gen, LLC*, No. 14-10461 (MFW) (Bankr. D. Del. Mar. 5, 2014); *In re Innkeepers USA Trust*, No. 10-13800 (SCC) (Bankr. S.D.N.Y. July 19, 2010); *In re Citadel Broad. Corp.*, No. 09-17442 (CGM) (Bankr. S.D.N.Y. Dec. 22, 2009); *In re Reader's Digest Ass'n, Inc.*, No. 09-23529 (DRD) (Bankr. S.D.N.Y. Aug. 26, 2009); *In re Lear Corp.*, No. 09-14326 (MEW) (Bankr. S.D.N.Y.

July 7, 2009); *In re ION Media Networks, Inc.*, No. 09-13125 (JMP) (Bankr. S.D.N.Y. May 21, 2009); *In re Charter Commc'ns, Inc.*, No. 09-11435 (JMP) (Bankr. S.D.N.Y. Mar. 30, 2009); *In re Tronox Inc.*, No. 09-10156 (MEW) (Bankr. S.D.N.Y. Jan. 13, 2009).[2]

## NOTICE

18. Notice of this Motion has been given to: (a) the United States Trustee; (b) Debtors' secured lenders; (c) Atrium Holding Company; (d) SFI Belmont LLC; (e) JD Holdings, LLC; (f) Debtors' combined 40 largest unsecured creditors; and (g) any party that has appeared and/or requested notice. Debtors submit that, under the circumstances, no further notice of the hearing is necessary and request that any further notice be dispensed with and waived.

WHEREFORE, Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, authorizing Debtors to: (a) prepare a consolidated list of creditors in lieu of submitting individual mailing matrices, (b) file a consolidated list of their 40 largest unsecured creditors, and (c) mail initial notices through their proposed notice and claims agent, and granting such other and further relief as the Court deems just and proper.

STINSON LEONARD STREET LLP

By: /s/ Mark Shaiken
Mark Carder KS # 11529
Mark Shaiken KS # 11011
1201 Walnut, Suite 2900
Kansas City, MO 64106
Telephone: (816) 842-8600
Facsimile: (816) 691-3495
mark.carder@stinson.com
mark.shaiken@stinson.com

COUNSEL FOR THE DEBTORS

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to the Motion. Copies of these orders are available upon request to Debtors' proposed counsel.

**EXHIBIT A – FORM OF ORDER**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS AT KANSAS CITY

| | |
|---|---|
| In re: ) | |
| ) | |
| JOHN Q. HAMMONS FALL 2006, LLC, *et al.*, ) | Case No. 16-_____ |
| ) | |
| Debtors. ) | |
| ) | |

**ORDER AUTHORIZING DEBTORS' TO (A) PREPARE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING INDIVIDUAL MAILING MATRICES, (B) FILE A CONSOLIDATED LIST OF DEBTORS' 40 LARGEST UNSECURED CREDITORS AND (C) MAIL INITIAL NOTICES**

Upon the motion (the "Motion") of the above-captioned debtors (collectively, "Debtors") for entry of an order authorizing Debtors to: (a) prepare a consolidated list of creditors in lieu of submitting individual mailing matrices; (b) file a consolidated list of Debtors' 40 largest unsecured creditors; and (c) mail initial notices through Debtors' proposed notice and claims agent under 11 U.S.C. §§ 342(a) and 521, and Fed. R. Bank. R. 1007 and 2002; the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of Debtors, their estates, their creditors and other parties-in-interest; and it appearing that notice of the hearing on the Motion was good and sufficient under the particular

circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Debtors are authorized to file a consolidated list of their 40 largest unsecured creditors in lieu of each Debtor filing a list of its own 20 largest unsecured creditors.

3. In lieu of submitting a formatted mailing matrix, Debtors shall make available a single, consolidated list of all of Debtors' creditors in electronic form to any party that so requests or in non-electronic form at such requesting party's sole cost and expense.

4. Debtors, with the assistance of BMC Group, Inc. acting as their proposed notice and claims agent, are authorized, but not directed, to undertake all mailings directed by the Court, the United States Trustee, or as required by the Bankruptcy Code, including the notice of commencement of these chapter 11 cases, and any other correspondence that Debtors may wish to send to creditors and other parties in interest.

### # # #

2

CORE/0836979.0002_0002/128369570.2    Case 16-21142    Doc# 6    Filed 06/26/16    Page 9 of 9