# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF KANSAS

In re: )
)
JOHN Q. HAMMONS FALL 2006, LLC, et al. ) Case No. 16-21142-11
) Jointly Administered
Debtors. )

**OBJECTION OF MISSOURI STATE UNIVERSITY AND THE MISSOURI STATE UNIVERSITY FOUNDATION TO JD HOLDINGS' MOTION TO DISMISS CHAPTER 11 PETITIONS, ABSTAIN FROM THESE CHAPTER 11 CASES, OR ALTERNATIVELY TO LIFT OR MODIFY THE AUTOMATIC STAY**

COMES NOW Missouri State University and the Missouri State University Foundation (collectively, "MSU") and object to JD Holdings' Motion to Dismiss Chapter 11 Petitions, Abstain from these Chapter 11 Cases, or Alternatively to Lift of Modify the Automatic Stay (the "Motion") (Doc. 269). In support of their objection, MSU states as follows:

1. MSU is a designated beneficiary of the JQH Trust. In addition, MSU is a creditor of the JQH Trust with claims arising under an Agreement for the Making and Accepting of a Charitable Gift, as amended, and a Trademark License Agreement pursuant to which certain intellectual property is licensed to the Debtors. As the holder of claims against the Debtors, MSU agrees that a petition serves a valid bankruptcy purpose if the filing is used to preserve and maximize the value of the bankruptcy estate.

2. In support of its argument that the bankruptcy filings were not made for a valid bankruptcy purpose, JD Holdings claims that the filings were not necessary to protect to creditors or beneficiaries of the Trust. "The filings were not necessary to protect creditors, all of whom were being paid prior to the filing and would have continued to be paid in the absence of Debtors' filings. Nor does the filing benefit the JQH Trust's beneficiaries because the JQH Trust has no designated beneficiaries." Motion, Preliminary Statement, p. 3. JD Holdings further

claims that the Debtors and their creditors will not be prejudiced by dismissal or abstention. These assertions are either factually incorrect and/or are wholly unsupported opinions of a party which has no duty to other creditors or these estates.

3. Notably, JD Holdings' contentions that the filings were not necessary to protect creditors and that "dismissal or abstention will only benefit the creditors" (Motion, §IV(B), p.32) are not supported by any substantive discussion of the impact of consummation of the ROFR upon the secured lenders, franchisors, trade vendors and the beneficiaries of the Debtors. A review of the relief sought by JD Holdings in the Delaware Chancery Court, however, confirms that the interests of creditors and beneficiaries will be harmed if relief is granted.

4. In the Delaware litigation, JD Holdings prays for the entry of an order "requiring the Debtors to sell each of the JQH Hotels to JD Holdings at a price to be determined at trial and in accordance with the terms of the ROFR Agreement and ROFR Amendment, including the 20% discount agreed to in the ROFR Agreement…" Plaintiff JD Holdings, LLC's Verified Supplemental Complaint, Prayer ¶ (ii), p.16 (the "Delaware Complaint")[Doc. 257-9]. Should the Delaware Chancery Court grant such relief and compel the requested transfers, the Debtors would be deprived of the opportunity to maximize the value of their assets, to reject the ROFR and/or to engage in a robust sale process of their assets, all to the prejudice of the creditors and Trust beneficiaries.

5. In addition to its prayer for the exclusive right to purchase the assets at substantial discount, JD Holdings also seeks a Delaware Chancery Court order which requires the Debtors to provide JD Holdings with "subordinate seller financing" of up to 22.5% of the purchase price of any subject property that JD Holdings elects to purchase. See, Delaware Complaint, ¶241. JD Holdings admits that the Debtors' extension of "subordinate seller financing" is valuable – worth

hundreds of millions of dollars because: (a) JD Holdings can finance with debt (or preferred equity) at a low interest rate and on other favorable terms what otherwise would likely be an equity-type investment (Delaware Complaint, ¶221); (b) JD Holdings would not be able to obtain such financing from a third-party lender (Delaware Complaint, ¶222). "[W]hile a dollar value might be determined for this right, its unique characteristic is that it facilitates JD Holdings' ability to acquire these unique assets…" Delaware Complaint, ¶223. Where JD Holdings is benefitted by the "unique" financing, the forced extension of subordinate loans, bearing below-market rates, will have a deleterious impact upon the creditors and interest holders of these estates.[1]

6. JD Holdings asserts disputed and unliquidated claims against the Debtors. In that regard, JD Holdings is no different than other countless creditors asserting claims against these Debtors. However, unlike the other creditors, JD Holdings, through the Delaware litigation, seeks preferential treatment through the exercise of its alleged remedies.[2] The value that JD Holdings seeks to capture for itself, through the acquisition of assets at deeply discounted purchase prices financed under "unique" terms, must be preserved for all creditors who hold rights and claims that are as valid and enforceable as those claims asserted by JD Holdings.

7. MSU joins in the Debtors' objections to the Motion.

WHEREFORE, Missouri State University and the Missouri State University Foundation pray for the entry of an order denying JD Holdings' Motion to Dismiss Chapter 11 Petitions, Abstain from these Chapter 11 Cases, or Alternatively to Lift of Modify the Automatic Stay and for such other relief as is just and proper.

---

[1] Additional critical details regarding the loans, including repayment terms, security and loan maturities, are not provided.
[2] Even though JD Holdings' remedies may be provided in a contract which is enforced by the Delaware Chancery Court, the transfer of assets may constitute avoidable fraudulent conveyances.

Respectfully submitted,

ARMSTRONG TEASDALE LLP

By: *s/ Christine L. Schlomann*
Christine L. Schlomann, KS # 18712
John McClelland, KS Fed. 70724
2345 Grand Blvd., Suite 1500
Kansas City, MO 64108
(816) 472-3153
Fax: (816) 221-0786
jmcclelland@armstrongteasdale.com
cschlomann@armstrongteasdale.com

and

David L. Going  MO #33435
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri  63105
(314) 621-5070
Fax: (314)621-5065
dgoing@armstrongteasdale.com

COUNSEL FOR MISSOURI STATE UNIVERSITY AND THE MISSOURI STATE UNIVERSITY FOUNDATION

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the *Objection Of Missouri State University and The Missouri State University Foundation to JD Holdings' Motion to Dismiss Chapter 11 Petitions, Abstain From These Chapter 11 Cases, or Alternatively to Lift or Modify The Automatic Stay* was served electronically on those parties having entered their appearance in the Court's Electronic Court Filing (ECF) System and conventionally, via first-class mail, postage prepaid, to those parties who have requested notice but are not participating in the ECF System, pursuant to instructions appearing on the Electronic Filing Receipt received from the U. S. Bankruptcy Court on this 12th day of August, 2016.

s/ *Christine L. Schlomann*