UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JOHN Q. HAMMONS FALL 2006, LLC, *et al.*, | ) | Case No. 16-21142-11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**REPLY IN CONTRAVENTION OF LIMITED OBJECTION OF UBS SECURITIES LLC TO MOTION FOR AUTHORITY TO ENTER INTO PLAN SUPPORT AGREEMENT AND COMPROMISE OF CLAIMS WITH RESERVATION OF RIGHTS**

JD Holdings, LLC, ("JDH") submits this Reply in Contravention of the Limited Objection of UBS Securities, LLC to Motion to Authority to Enter into Plan Support Agreement and Compromise of Claims with Reservation of Rights (the "UBS Objection"). The UBS Objection opposes approval of the Plan Support Agreement (the "PSA") executed by Debtors (and the co-trustees of the JQH Trust in both their representative and individual capacities) and JDH.[1] This matter is now scheduled for hearing on February 28, 2018.

1. Debtors engaged UBS Securities LLC ("UBS") to serve as their financial advisor[2] pursuant to that certain letter agreement dated September 14, 2016. Thereafter Debtors sought approval of the engagement and the Court approved same in its Order Granting Application of the Debtors and Debtors in Possession, Pursuant to Sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014, And Local Bankruptcy Rule 2014.1, For An Order Authorizing The Debtors And Debtors In Possession To Retain And Employ UBS Securities, LLC To

---

[1] It should be noted that the PSA is the product of intense and arduous negotiations at a mediation earlier this month under the guidance of Bankruptcy Judge Dale Somers as mediator. Both sides exchanged a multitude of settlement concepts against the backdrop of years of highly contested litigation and a vortex of complex issues in achieving this fruitful outcome that provides a successful pathway for the conclusion of this Chapter 11 proceeding and full payoff of creditors on their allowed claims.

[2] As such, UBS is now opposing the interests of the very parties it was hired to serve.

6024280v1

Provide Financial Advisory Services (Doc. #596), dated October 19, 2016. The engagement provided, inter alia, for the payment of a monthly fee of $175,000 to UBS (the "Monthly Fee"). To the best of JDH knowledge and belief, UBS has been paid all installments of the Monthly Fee to date.

2. As an initial matter, JDH challenges the standing of UBS to file the UBS Objection. UBS has been paid in full on the Monthly Fee and has not filed any claim for unpaid fees by the bankruptcy estate. As UBS is not owed anything, it has no creditor standing and should not be heard to register complaints about the PSA.

3. Assuming arguendo that the UBS Objection is not stricken, the basis for the UBS Objection is utterly flawed and misplaced. Distilled to its essence, the UBS Objection represents nothing more than an expression of discontent over an anticipated opposition to some claim that does not exist.[3] The forthcoming hearing on approval of the PSA concerns Debtors' decision to support the Plan of Reorganization filed by JDH (the "JDH Plan") and demonstrably does not involve professional fee claims, much less any unknown fees that may be claimed by UBS in the future. As the UBS Objection lacks any relevance to the issues properly before the Court in consideration of the PSA, it should be summarily overruled.

4. Finally, the UBS Objection appears to be a stealth attack on the JDH Plan. UBS asserts the right (based on a claim that has not even materialized, much less been filed) "to be paid from the net proceeds of this sale [of Debtors' assets to JDH], not months later as contemplated under the [JDH] Plan. . . . " UBS Objection at paragraph 7. This backdoor complaint about the JDH Plan is improperly asserted in the context of the present proceeding for approval of the PSA. Any and all issues concerning the provisions and operation of the JDH

---

[3] It appears from the UBS Objection that UBS intends to assert some "success fee" (see paragraph 4) on asset sales contemplated in the pending JDH Plan of Reorganization that have not occurred and do not involve any participation by UBS.

Plan as well as its confirmability must be raised in their proper context – the confirmation hearing on the JDH Plan – not here.

5. For this Reply, JDH adopts the pertinent arguments and otherwise incorporates by reference the related Responses in Opposition (Doc. #1838 and 1841) filed by JDH.

February 26, 2018.                    Respectfully submitted,

**McDOWELL RICE SMITH & BUCHANAN, P.C.**

*/s/Jonathan A. Margolies*
Jonathan A. Margolies         (MO 30770)
The Skelly Building, Suite 350    (KS Fed 70693)
605 W. 47th Street
Kansas City, Missouri  64112
Telephone: (816) 753-5400
Facsimile: (816) 753-9996
jmargolies@mcdowellrice.com

**Counsel for JD Holdings, L.L.C.**