| | |
|---|---|
| In re<br><br>JOHN Q. HAMMONS FALL 2006, LLC, *et al.*,<br><br>    Debtors. | Chapter 11<br><br>Case No. 16-21142 (RDB)<br>*Jointly administered* |
| THE REVOCABLE TRUST OF JOHN Q. HAMMONS DATED DECEMBER 28, 1989 AS AMENDED AND RESTATED;<br><br>    Plaintiff,<br><br>vs.<br><br>AJJ HOTEL HOLDINGS, INC., KENT BRUGGEMAN, MICHAEL CONWAY, MICHAEL KAMMERER, AND WINEGARDNER & HAMMONS HOTEL GROUP, LLC;<br><br>    Defendants. | Adversary Proceeding No. _____ |

## VERIFIED COMPLAINT

The Revocable Trust of John Q. Hammons, as amended and restated (the "JQH Trust" or Plaintiff"), hereby files this Complaint against AJJ Hotel Holdings, Inc. ("AJJ Hotel Holdings"), Winegardner & Hammons Hotel Group, LLC ("WHG"), Michael Conway, Kent Bruggeman, and Michael Kammerer (collectively with AJJ and WHG, "Defendants"). In support thereof, the Plaintiff states the following facts and allegations which, along with the accompanying motion filed with this Complaint (the "Motion"), are supported by Mr. Groves' verification accompanying both this Complaint and the Motion, in which he swears that the facts set forth herein and in the Motion are true and correct to the best of his knowledge.

138294578.1

# INTRODUCTION

1. The JQH Trust owns a 50% membership interest (the "JQH Interest") in an entity known as W&H Realty, LLC ("WHR"). The JQH Interest is property of the JQH Trust's bankruptcy estate.

2. The value of the JQH Interest is being diminished by the Defendants named herein, who are breaching their fiduciary duties to WHR and the JQH Trust by usurping and taking for themselves a corporate opportunity belonging to WHR, and thereby unjustly enriching themselves at the JQH Trust's expense.

3. As more particularly alleged herein, WHR and non-party Western & Southern Life ("W&S") jointly own a number of assets, including a Holiday Inn hotel near the Cincinnati airport (the "Cincinnati Hotel").

4. The JQH Trust has been apprised that W&S intends to sell its 75% interest in the Cincinnati Hotel (the "Cincinnati Hotel Opportunity").

5. As a current owner, WHR is the natural buyer for this interest.

6. But certain Defendants named herein, who are current or former officers of WHR, negotiated a deal in which WHR would purchase only some of the Cincinnati Hotel, while these officers (and their co-conspirators) kept some of this lucrative investment for themselves.

7. When the JQH Trust objected to this arrangement, and stated that WHR must receive the entirety of this investment opportunity (to which it is entitled), the Defendants set about taking away the entire investment from WHR and keeping it for themselves, in blatant disregard of their fiduciary duties to WHR and the JQH Trust.

2

138294578.1
Case 16-21142   Doc# 1927   Filed 03/23/18   Page 2 of 14

8. The investment in the Cincinnati Hotel is extremely valuable, and has been referred to by the Defendants as an "off-market" purchase. By wrongfully excluding WHR from this opportunity, Defendants are harming WHR, and the JQH Trust, and unjustly enriching themselves.

9. By this action, Plaintiff seeks to stop Defendants from, *inter alia*, breaching their fiduciary duties by usurping a corporate opportunity of WHR and unjustly enriching themselves.

## JURISDICTION AND VENUE

10. On June 26, 2016 (the "Commencement Date") the Debtors,[1] including the JQH Trust, commenced chapter 11 bankruptcy cases by filing their bankruptcy petitions. Thereafter, four additional Debtors commenced chapter 11 bankruptcy cases in this court.[2]

11. Since the Commencement Date, the Debtors have continued in possession of

---

[1] The Debtors are John Q. Hammons Fall 2006, LLC, ACLOST, LLC, Bricktown Residence Catering Co., Inc., Chateau Catering Co., Inc., Chateau Lake, LLC, Civic Center Redevelopment Corp., Concord Golf Catering Co., Inc., Concord Hotel Catering Co., Inc., East Peoria Catering Co., Inc., Fort Smith Catering Co., Inc., Franklin/Crescent Catering Co., Inc., Glendale Coyotes Catering Co., Inc., Glendale Coyotes Hotel Catering Co., Inc., Hammons, Inc., Hammons of Colorado, LLC, Hammons of Franklin, LLC, Hammons of Huntsville, LLC, Hammons of Lincoln, LLC, Hammons of New Mexico, LLC, Hammons of Oklahoma City, LLC, Hammons of Richardson, LLC, Hammons of Rogers, Inc., Hammons of Sioux Falls, LLC, Hammons of South Carolina, LLC, Hammons of Tulsa, LLC, Hampton Catering Co., Inc., Hot Springs Catering Co., Inc., Huntsville Catering, LLC, International Catering Co., Inc., John Q. Hammons 2015 Loan Holdings, LLC, John Q. Hammons Fall 2006, LLC, John Q. Hammons Hotels Development, LLC, John Q. Hammons Hotels Management I Corporation, John Q. Hammons Hotels Management II, LP, John Q. Hammons Hotels Management, LLC, Joplin Residence Catering Co., Inc., JQH – Allen Development, LLC, JQH – Concord Development, LLC, JQH – East Peoria Development, LLC, JQH - Ft. Smith Development, LLC, JQH – Glendale AZ Development, LLC, JQH - Kansas City Development, LLC, JQH – La Vista Conference Center Development, LLC, JQH - La Vista CY Development, LLC, JQH - La Vista III Development, LLC, JQH - Lake of the Ozarks Development, LLC , JQH – Murfreesboro Development, LLC, JQH – Normal Development, LLC, JQH – Norman Development, LLC, JQH – Oklahoma City Bricktown Development, LLC, JQH – Olathe Development, LLC, JQH – Pleasant Grove Development, LLC, JQH – Rogers Convention Center Development, LLC, JQH – San Marcos Development, LLC, Junction City Catering Co., Inc., KC Residence Catering Co., Inc., La Vista CY Catering Co., Inc., La Vista ES Catering Co., Inc., Lincoln P Street Catering Co., Inc., Loveland Catering Co., Inc., Manzano Catering Co., Inc., Murfreesboro Catering Co., Inc., Normal Catering Co., Inc., OKC Courtyard Catering Co., Inc., R-2 Operating Co., Inc., Revocable Trust of John Q. Hammons Dated December 28, 1989 as Amended and Restated, Richardson Hammons, LP, Rogers ES Catering Co., Inc., SGF – Courtyard Catering Co., Inc., Sioux Falls Convention/Arena Catering Co., Inc., St Charles Catering Co., Inc., Tulsa/169 Catering Co., Inc., and U.P. Catering Co., Inc.

[2] Those additional debtors are: City Centre Hotel Corporation; Hammons of Arkansas, LLC; Hammons of Frisco, LLC; and John Q. Hammons Center, LLC.

3

their property and control of their operations pursuant to §§ 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), including but not limited to the JQH Interest.

12. Venue is appropriate pursuant to 28 U.S.C. § 1409(a) because this Complaint constitutes a proceeding arising under title 11 or arising in or related to a case under title 11 that is currently pending before the United States Bankruptcy Court for the District of Kansas.

13. The Court has jurisdiction of this Complaint pursuant to 28 U.S.C. § 1334(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) in that it, *inter alia*, concerns the administration of the estate, concerns claims that arise out of an operating agreement entered into in connection with a post-petition restructuring of the JQH Trust's assets approved in bankruptcy by this Court and that accrued to the JQH Trust as Debtor-in-possession after it commenced proceedings under Chapter 11, and/or affects the liquidation of the assets of the estate.

14. This Court has the power to enter the requested relief pursuant to § 105(a) of the Bankruptcy Code, and Fed. R. Bankr. P. 7065, as incorporating Fed. R. Civ. P. 65.

## PARTIES

15. Plaintiff JQH Trust is a trust formed by the late John Q. Hammons. It is a debtor-in-possession in this Chapter 11 proceeding currently pending before this Court. The Co-Trustees of the JQH Trust are Jacqueline Dowdy ("Ms. Dowdy") and Greggory Groves ("Mr. Groves"). Ms. Dowdy is also the co-manager of WHR. The JQH Trust presently owns the JQH Interest.

16. Defendant AJJ Hotel Holdings is an Ohio corporation with its principal place of business in Cincinnati, Ohio. Defendant AJJ Hotel Holdings was formed by three trusts that exist for the separate benefit of Ann Winegardner, Jane Winegardner, and Jill Maple, the widow

and two daughters of the late Roy E. Winegardner, respectively (collectively, the "REW Trusts"). Defendant AJJ Hotel Holdings presently owns a 50% membership interest in WHR.

17. Defendant Michael Conway was the President of WHR until he abruptly resigned on March 19, 2018. He is currently the Chairman and Chief Portfolio Officer of Defendant WHG.

18. Defendant Kent Bruggeman is a Vice President and the Chief Financial Officer of WHR. Defendants Conway and Bruggeman are collectively referred to as the "Officer Defendants."

19. Defendant Michael Kammerer is a co-trustee of the REW Trusts and the other co-manager of WHR.

20. Defendant WHG is a Delaware corporation with its principal place of business in Cincinnati, Ohio. Defendant WHG is owned by Pyramid Hotel Group ("Pyramid"), a privately owned full-service hotel and resort company based in Boston, Massachusetts.

## FACTUAL ALLEGATIONS

### A. The JQH Trust Bankruptcy Estate's Interest in WHR

21. In the 1950s, John Q. Hammons recognized a growing need for quality hotels throughout the country. As a successful real estate investor and developer, Mr. Hammons had the experience and knowledge required to achieve his ambitions. In 1958, he partnered with Roy Winegardner, and the two purchased ten Holiday Inn hotel franchises. Hammons and Winegardner went on to found Winegardner and Hammons, Inc. ("WHI") and developed a total of 67 Holiday Inn hotels. A separate entity, W&H Realty, Inc. ("W&H"), was formed in 1993 to hold the real estate interests developed by WHI.

22. At the time of Winegardner's death on September 30, 2009, Winegardner and Hammons (through the JQH Trust) each owned approximately 45% of the shares of WHI and

5

W&H. Eric J. Kamjford owned the remaining 10% of shares in WHI and W&H. Following Winegardner's death, his 45% interest in WHI and W&H passed to his trust and subsequently to the REW Trusts.

23. Kamjford would later transfer his 10% ownership of shares in WHI and W&H. As a result, the REW Trusts' and JQH Trust's respective shares of ownership in WHI and W&H each increased to 50%.

24. In November 2015, WHI partnered with Pyramid to form a new company, Defendant WHG. The new partnership was designed to allow WHI and Pyramid to share hotel development opportunities and revenue management platforms. Upon information and belief, each of the Officer Defendants holds a position with Defendant WHG, which is controlled by Pyramid.

25. On June 26, 2016, the JQH Trust filed a Chapter 11 bankruptcy petition along with a significant number of its affiliates. As a result of the JQH Trust's bankruptcy filing, the JQH Trust's ownership interests in WHI and W&H became property of the JQH Trust's bankruptcy estate.

26. These interests would later be merged pursuant to a Court-authorized restructuring sought by Debtors, which resulted in the creation of WHR and Defendant AJJ Hotel Holdings. Defendant AJJ Hotel Holdings and the JQH Trust each now own 50% of WHR.

### B. WHR's Corporate Opportunity

27. On January 8, 2018, one or more of the Officer Defendants presented a corporate opportunity to the members of WHR, which included the JQH Trust through its co-trustee Ms. Dowdy, and in her capacity as co-manager of WHR on behalf of the JQH Trust.

28. The corporate opportunity concerned W&S's willingness to sell to WHR, its current partner, W&S's 75% interest in the Cincinnati Hotel (WHR presently owns the

6

138294578.1

Case 16-21142    Doc# 1927    Filed 03/23/18    Page 6 of 14

remaining 25% interest) at an off-market price of $17,750,000. That figure is well below the $20,000,000-plus valuation ascribed to the Cincinnati Hotel by Defendant Conway.

29. The opportunity was negotiated by Defendants Conway and Bruggeman, each of whom were, at the time, officers of WHR, and memorialized in a preliminary commitment letter sent by W&S and signed by Terry Dammeyer, President and Chief Construction and Development Officer of Defendant WHG. That letter referenced W&S's understanding that Defendant WHG was "acting on behalf of the third-party buyer," which was WHR.

30. In addition to the favorable price agreed to by W&S, the presentation noted other terms that would make the acquisition of the Cincinnati Hotel an extremely valuable acquisition for WHR. WHR would be entitled to a 10% preferred return on its equity without having to make any additional equity contributions beyond initial sale proceeds. Moreover, InterContinental Hotels Group, owner of the Holiday Inn franchise, had preliminarily agreed that "no change of ownership PIP will be required if **WHR** acquires W&S interest in the hotel," thus avoiding the need for WHR to invest substantial sums on property improvement plans.

    **C.    Certain of the Defendants' Opposition to JD Holdings' Acquisition of the WHR Interest and Current Attempt to Usurp the Cincinnati Hotel Opportunity**

31. On February 13, 2018, the JQH Trust and related Debtors filed before this Court their Motion for Authority to Enter into Plan Support Agreement and Compromise of Claims, which sought approval of a Plan Support Agreement and Claim Allowance and Settlement Agreement by and between JD Holdings, L.L.C. ("JD Holdings"), and the JQH Trust and its related Debtors (collectively, the "Plan Support Agreement").

32. The Plan Support Agreement resolves numerous, multi-year disputes between the parties thereto, including over 150 proofs of claim filed by JD Holdings in the JQH Trust's and related Debtors' bankruptcy cases.

7

33. Pursuant to the Plan Support Agreement, the JQH Trust is obligated, *inter alia*, to support the confirmation and implementation of JD Holdings' Plan, by which, *inter alia*, JD Holdings will acquire the JQH Interest, among other assets of the estate.

34. Shortly thereafter, counsel for WHR requested a conference call with JD Holdings. Counsel for WHR explained that WHR had a "major concern" regarding several WHR projects, including the purchase of the Cincinnati Hotel, scheduled to close prior to the proposed effective date of JD Holdings' Plan. According to counsel, WHR needed "to know that the chapter 11 plan sale process will not hinder, delay or prevent closing for all of these projects."

35. One week later, on February 21, 2018, JD Holdings' representatives and Defendants Bruggeman and Kammerer, among others, participated in a lengthy telephone conference to discuss, *inter alia*, the Cincinnati Hotel Opportunity. During this telephone conference, Defendants stated that they contemplated acquiring the Cincinnati Hotel with equity contributed by WHR and an "executive pool" consisting of Defendants Conway and Bruggeman, and certain other undisclosed executives of WHG and Pyramid.

36. Shortly after the telephone conference and consistent with her authority as co-manager of WHR, Ms. Dowdy instructed WHR to cease pursuing all corporate opportunities pending JD Holdings' review given that the JQH Interest is one of the assets that will be purchased by JD Holdings as part of its Plan. To assist JD Holdings' review, Ms. Dowdy promptly sent Defendant AJJ Hotel Holdings a letter containing certain information requests concerning the Cincinnati Hotel Opportunity on behalf of JD Holdings.[3]

---

[3] Despite the fact that Ms. Dowdy, as co-manager WHR, and the JQH Trust had an unrestricted right to this information, Defendant AJJ Hotel Holdings has refused to allow WHR to provide it, which necessitated the JQH Trust filing a motion for turnover of this information.

8

138294578.1

37. On February 27, 2018, Defendant AJJ Hotel Holdings appeared in the JQH Trust's bankruptcy case to file an objection to the Plan Support Agreement. In its objection, Defendant AJJ Hotel Holdings noted that it intended to object to JD Holdings' Plan insofar as the Plan would have JD Holdings acquire the JQH Interest.

38. On March 1, 2018, Ms. Dowdy informed Defendant AJJ Hotel Holdings and WHR that she would consent to the Cincinnati Hotel Opportunity, provided that WHR receive the entirety of this opportunity, stating: "I hereby approve the Company's purchase of Western & Southern's 75% interest in the Cincinnati Airport Holiday Inn at the price previously agreed to, provided that the Company purchases the entirety of the interest rather than sharing this corporate opportunity with outsiders such as personnel associated with Pyramid."

39. On March 6, 2018, the Court orally approved the Plan Support Agreement at a hearing over Defendant AJJ Hotel Holdings' objection. Despite the Court's approval of the Plan Support Agreement, WHR, at the direction of Defendants AJJ Hotel Holdings, continued to deny Plaintiff JQH Trust certain information it had requested on its behalf, on behalf of JD Holdings, including but not limited to, information concerning the Cincinnati Hotel Opportunity.

40. On March 12, counsel for Defendant AJJ Hotel Holdings sent a letter to Ms. Dowdy and the JQH Trust's counsel. That letter argued that any information requests concerning the Cincinnati Hotel Opportunity were moot because Defendant "AJJ has no further interest *in WHR* acquiring the position held by Western & Southern ("W&S") in the Cincinnati Airport Holiday Inn."

41. The same day, however, Defendant Conway informed Mr. Groves of the real reason that Defendant AJJ Hotel Holdings had "no further interest in *WHR* acquiring" the Cincinnati Hotel, which is that Defendant AJJ Hotel Holdings and/or Defendants Conway and

9

138294578.1

Case 16-21142   Doc# 1927   Filed 03/23/18   Page 9 of 14

Bruggeman, and certain other undisclosed executives of Defendant WHG and Pyramid, intend to acquire the Cincinnati Hotel Opportunity for themselves and to the detriment of WHR and the JQH Interest. As Defendant Conway admitted in an email to Mr. Groves, "W&S/Eagle Realty Group are planning to sell the hotel to a smaller group of investors *including PHG [Pyramid] and WHG executives and will not include WHR* . . ."[4]

42. The Defendants have thus admitted that they intend to take the Cincinnati Hotel Opportunity for themselves, harming WHR and the JQH Interest in the process. According to the preliminary commitment letter included in the original presentation to the WHR board concerning the Cincinnati Hotel Opportunity, the period for due diligence is set to close on March 31, 2018 (the "Due Diligence Period"). Closing shall occur on or before 60 days following the Due Diligence Period (the "Closing Deadline"). Defendants thus intend to imminently usurp the Cincinnati Hotel Opportunity and harm the JQH Trust's bankruptcy estate.

## COUNT I: BREACH OF FIDUCIARY DUTY AND REQUEST FOR DECLARATORY RELIEF
**(Against all Defendants)**

43. Plaintiff hereby incorporates by reference paragraphs 1 through 42 of this Complaint.

44. Defendants each owe fiduciary duties to WHR and to the JQH Trust as a member of WHR.

45. Defendants have breached their fiduciary duties to WHR and Plaintiff JQH Trust, including their duty of loyalty, by appropriating for themselves the Cincinnati Hotel Opportunity.

---

[4] Upon obtaining discovery of the identities of these Pyramid executives, Plaintiff intends to amend this Complaint to name as defendants these Pyramid executives and/or Pyramid (should discovery reveal that these executives were acting on Pyramid's behalf).

10

138294578.1

46. Plaintiff has been damaged as a direct and proximate result of Defendants' breach of their fiduciary duty of loyalty to WHR and the JQH Trust.

47. Plaintiff will be further damaged if some or all of the Defendants are allowed to purchase the 75% interest of W&S in the Cincinnati Hotel.

48. Upon information and belief, Defendants deny that they have breached a fiduciary to Plaintiff. Thus, an actual case or controversy exists.

## COUNT II: UNJUST ENRICHMENT AND REQUEST FOR DECLARATORY RELIEF
**(Against all Defendants)**

49. Plaintiff hereby incorporates by reference paragraphs 1 through 48 of this Complaint.

50. The Cincinnati Hotel Opportunity belongs to WHR.

51. Defendants have and will continue to personally benefit at the expense of WHR and Plaintiff JQH Trust by appropriating for themselves the Cincinnati Hotel Opportunity.

52. As a result of Defendants' conduct, Defendants are and will continue to be unjustly enriched at the expense of WHR and the JQH Trust.

53. Upon information and belief, Defendants deny that they have been, or will be, unjustly enriched at Plaintiff's expense. Thus, an actual case or controversy exists.

## COUNT III: CIVIL CONSPIRACY AND REQUEST FOR DECLARATORY RELIEF
**(Against all Defendants)**

54. Plaintiff hereby incorporates by reference paragraphs 1 through 53 of this Complaint.

55. Defendants understood that the Cincinnati Hotel Opportunity rightly belonged to WHR and that, by misappropriating this opportunity, they were committing a wrongful act.

56. Defendants acted, and continue to act, in concert with each other[5] to purposely take for themselves the Cincinnati Hotel Opportunity while knowing that the Cincinnati Hotel Opportunity rightly belongs to WHR.

57. Defendants' actions were in, and are, furtherance of, and resulted in, the breach of fiduciary duties owed to WHR and Plaintiff JQH Trust, referenced in Count I of this Complaint, which has caused, and continues to cause, harm to WHR and Plaintiff JQH Trust.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff, the JQH Trust, requests that the Court:

A. Immediately enter a temporary restraining order barring Defendants from executing or closing, or aiding or assisting any party other than WHR from executing or closing, any transaction involving the Cincinnati Airport Hotel for a period of fourteen (14) days;

B. Schedule a hearing for Plaintiff's request for a preliminary injunction for a date prior to the expiration of the initial fourteen day term of the temporary restraining order;

C. Upon a hearing, enter a preliminary injunction barring Defendants from executing or closing, or aiding or assisting any party other than WHR from executing or closing, any transaction involving the Cincinnati Airport Hotel pending Plaintiff's request for a permanent injunction;

D. Upon issuance of a preliminary injunction and at a time proposed by Plaintiff, convert the preliminary injunction into a permanent injunction.

E. Award any other relief that the Court deems just and proper.

---

[5] Defendants have admitted that there are other unknown actors with whom Defendants are acting in concert to misappropriate the Cincinnati Hotel Opportunity from WHR. *See supra* ¶¶ 35, 41. Upon obtaining appropriate discovery, Plaintiff intends to amend this Complaint to add these additional co-conspirators as additional defendants.

12

138294578.1

Case 16-21142   Doc# 1927   Filed 03/23/18   Page 12 of 14

# # #

Dated: March 23, 2018

                    **STINSON LEONARD STREET LLP**

                    By: */s/ Nicholas J. Zluticky*
Mark Shaiken KS # 11011
Nicholas Zluticky KS # 23935
1201 Walnut, Suite 2900
Kansas City, MO 64106
Telephone: (816) 842-8600
Facsimile: (816) 691-3495
mark.shaiken@stinson.com
nicholas.zluticky@stinson.com

*Counsel for Plaintiff, the JQH Trust*

## VERIFICATION

The undersigned, Greggory Groves, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury that the foregoing facts set forth in this Verified Complaint are true and correct.

Dated: March 23, 2018

                                                                              */s/ Greggory Groves*
                                                                               Greggory Groves